UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MOSHE DEKEL

                     Plaintiff,

<u>REPORT AND
RECOMMENDATION</u>

           -against-                                  CV 04-413 (DLI) (ETB)

UNUM PROVIDENT CORPORATION,
AS SUCCESSOR IN INTEREST TO THE
PAUL REVERE LIFE INSURANCE
COMPANY

                     Defendant.
------------------------------------------------------------------------X

TO THE HONORABLE DORA L. IRIZARRY, UNITED STATES DISTRICT JUDGE:

Before the court is a motion for partial summary judgment, filed by defendants Unum Provident Corporation and The Paul Revere Life Insurance Company.

<u>BACKGROUND</u>

On February 2, 2004, plaintiff Moshe Dekel filed the complaint in this diversity action against defendants The Paul Revere Life Insurance Company ("Paul Revere") and Unum Provident Corporation ("Unum Provident"). In the first and second counts, plaintiff alleges breach of contract by both defendants. In the third, plaintiff alleges bad faith practices and makes a claim for punitive damages. The fourth claim is for recovery pursuant to Section 349 of New York State General Business Law. On April 20, 2004, defendants filed an answer to the complaint ("Answer').

Defendants have filed a Motion for Partial Summary Judgment ("Def. Mot.") requesting

1

dismissal of the third and fourth causes of actions in the complaint and all counts against Unum Provident. Defendants argue that the third cause of action of the complaint, requesting punitive damages for bad faith claims handling, should be dismissed because plaintiff has not established that defendants committed an independent tort. Defendants argue that the fourth cause of action requesting recovery pursuant to Section 349, should be dismissed because of a failure to establish that defendants were engaged in "consumer-oriented" activity or "deceptive acts" within the meaning of Section 349. Lastly, defendants seek judgment in favor of Unum Provident on the ground that it was not a party to the original contract and thus not in privity of contract with plaintiff. For the reasons that follow defendants' application for summary judgment should be granted in favor of defendants as to causes of action three and four, and the complaint should be dismissed as to Unum Provident.

A. <u>Facts</u>

Plaintiff, is a physician, licensed by the State of New York, specializing in obstetrics and gynecology. (Compl.¶ 6.) On June 28, 1993, Paul Revere issued a long-term insurance disability policy to plaintiff. (Compl.¶ 10; Answer 10; Def. Mot., Exh. 1). The disability policy provided for the payment of monthly disability benefits.(<u>Id</u>.) On March 22, 2000, plaintiff filed a claim for total disability, stating that due to a neck and lower back condition, he was unable to perform surgeries and deliveries. (Compl.¶ 16; Def. Mot., Exh. 2; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pl. Mem. In Opp.")). Unum Provident, as the parent company of Paul Revere, paid plaintiff total disability benefits of $15,000.00 monthly for two years before terminating benefits on June 14, 2002. (Pl. Mem. In

2

Opp. at 3; Def. Mot. at 1; Def. Mot., Exh. 3.) Summary judgment is not sought as to the breach of contract causes of action alleged in the complaint and therefore the facts related thereto are not discussed.

DISCUSSION

A. Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to establish the lack of any factual issues. See id. Summary judgment is not appropriate where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). When the moving party has carried its burden, the party opposing the summary judgment motion must do more than simply show that "there is some metaphysical doubt as to the material facts." Id. at 586. Under Rule 56(e), the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

By its terms, Rule 56 does not require the district court to make any findings of fact. See

3

Anderson, 477 U.S. at 250. The only inquiry to be performed is the determination of whether there is a need for trial. See id. The court's principal analysis on a motion for summary judgment is to ascertain whether there are any "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id.

  B. <u>Bad Faith and Punitive Damages</u>

New York does not recognize a tort for bad faith denial of coverage by an insurance company. See <u>Core-Mark International Corp.</u>, 2005 WL 1676704, at *3 (S.D.N.Y. July 19, 2005); <u>Polidoro v. Chubb Corp.</u>, 354 F.Supp.2d 349, 352 (S.D.N.Y. 2005) ("Plaintiff's claim for bad-faith conduct in handling insurance claims is not legally-cognizable under New York law."); <u>USAlliance Fed. Credit Union v. CUMIS Ins. Soc'y, Inc.</u>, 346 F.Supp.2d 468, 470 (S.D.N.Y. 2004)("Plaintiff's claim for bad faith denial of coverage is crafted as an independent cause of action in its complaint however, as the defendants correctly point out, an independent tort action for bad faith denial of insurance coverage is not recognized in New York"); <u>Wiener v. UnumProvident Corp.</u>, 202 F.Supp.2d 116,123 (S.D.N.Y. 2002) ("Plaintiff's claim for bad faith denial of coverage is crafted as an independent cause of action in her complaint. Plaintiff alleges that defendants denied her disability benefits without a reasonable basis and in reckless disregard of their obligations under her insurance policy....Under New York law, an independent tort action for bad faith denial of insurance coverage is not recognized.").

Here, the third count of the complaint alleges that defendants acted in bad faith in denying plaintiff's insurance coverage. This claim is without merit.

4

Further, punitive damages are only available in breach of contract cases for extraordinary circumstances. Id. at 123. The pleading elements required to make a claim for punitive damages arising from a breach of contract are: "(1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set forth in Walker v. Sheldon (citation omitted); (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally." New York University v. Continental Insurance Co., 87 N.Y.2d 308, 316 (N.Y.1995). See also Good v. Charter Oak Fire Insurance Co., 8 Misc.3d 1023 (N.Y. Sup. Ct. 2005).

Lastly, plaintiff has produced no admissible evidence that would support a claim for punitive damages.

For the foregoing reasons, defendants' motion for summary judgment as to the third cause of action in the complaint should be granted and any claim for punitive damages related thereto should be stricken.

    C.    General Business Law Section 349

Section 349 of the General Business Law makes unlawful "[d]eceptive acts or practices in the conduct of any business...." N.Y. Gen. Bus. Law § 349(a)(McKinney 1988). See Shapiro v. Berkshire Life Insurance Co., 212 F.3d 121 (2d Cir. 2000). A plaintiff must demonstrate that the defendant engaged in "consumer oriented" conduct, that the defendant's acts were deceptive or misleading in a material way and that plaintiff has been injured by reason thereof. Id.

The sale of standard form insurance policies has been found to constitute "consumer oriented activity." Wiener v. UnumProvident Corp., 202 F.Supp.2d 116, 120 (S.D.N.Y. 2002)

5

(citing Riordan v. Nationwide Mutual fire Ins. Co., 977 F.2d 47, 51-53 (2d Cir. 1992)). Acts by an insurer are deceptive or misleading in a material way when the insurer lures a consumer into purchasing "insurance [it] never intended to provide." Shapiro v. Berkshire Life Insurance Co., 212 F.3d 121, 127 (2d Cir.2000); Wiener, 202 F.Supp.2d at 121 (S.D.N.Y. 2002). See Sichel v. Unum Provident Corp., 230 F.Supp.2d 325, 331 (S.D.N.Y. 2002). That is not the situation presented here.

It is undisputed that defendants Unum Provident and Paul Revere are engaged in the sale of standard form insurance policies. This case involves a contract dispute between the parties. The defect in plaintiff's proof is that there is no evidence to support the element of deception or misleading. See Shapiro v. Berkshire Life Ins. Co., 212 F.3d 121, 126-27 (2d Cir. 2000). "An insurer's denial of a claim is not deceptive simply because it is mistaken." Id. at 127. As in Berkshire, the plaintiff has proferred no admissible evidence that Paul Revere sold disability insurance that it never intended to provide. In fact, the newspaper articles on which plaintiff seeks to rely, see Exhibits A, is dated March 19, 2003, related to a Unum Spitzer press release. See Exhibit D to the Affidavit in Opposition. Copies of press releases do not constitute admissible evidence. Plaintiff has presented excerpts of depositions from Unum Provident employees, stating that "roundtable discussions" that "were set up to look at some high risk or high dollar claims" to determine whether they could be "rescinded" or "terminated" and that notes from the meetings were destroyed. (Aff. in Opp. Exh. F, 25:12-21, 55:15-17, 59:4-17.) It is unclear where these depositions were taken. It is also unclear what cases these depositions relate to. There is no claim that these depositions were taken in this action. Many events appear to relate to procedures followed in 1995 in the State of Alabama. A private contract dispute with

respect to "coverage and the processing of a claim that is unique to the parties does not fall within the ambit of General Business Law § 349." Feketer v. G.A. Ins. Co. of N.Y., 279 A.D.2d 300, 719 N.Y.S.2d 52, 53 (1st Dept. 2001).

Defendants motion for summary judgment as to the fourth cause of action should be granted.

### D. Claims Against Unum Provident

Generally, a parent and subsidiary corporation are separate legal entities, and a contract by one does not legally bind the other. See Maltz v. Union Carbide Chemicals & Plastics Co., Inc., 992 F.Supp. 286, 300 (S.D.N.Y. 1998). "In New York, the party seeking to hold a parent liable for a subsidiary's breach of contract bears the burden of establishing both that the parent corporation 'exercised complete domination of [the subsidiary] corporation in respect to the transaction attacked; and ... that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury." Id. at 301. A party needs to show that the parent's domination was "complete in respect to the transaction attacked." Id. This plaintiff has failed to do so.

Unum Provident is the parent corporation of Paul Revere, its subsidiary. (See Aff. in Opp., Exh. J, Exh. K). Paul Revere is listed as a subsidiary in Unum Provident's SEC registration and on its website. (Id.) Plaintiff's insurance contract was made with Paul Revere in 1993, before Unum Provident became Paul Revere's parent corporation. (See Def. Mot. Exh. 1.) Thus, Unum Provident had no control over the initial contract. Plaintiff makes no effort to establish the necessary dominion and control and an injury flowing from that dominion. For this

7

reason, defendant's motion for summary judgment regarding plaintiff's claims against Unum Provident should be granted.

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendants' motion for partial summary judgment as to the third and fourth causes of action, and to dismiss all causes of action against Unum Provident, should be granted.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a)(e) and 72(b); IUE AFL-CIO Pension Fund v. Herrmanm, 9 F. 3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Plaintiffs' counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED:

Dated: Central Islip, New York
      January 5, 2007

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge