```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MOSHE DEKEL,                                           :
                          Plaintiff,                   :
                                                       :     ORDER ADOPTING
                                                       :     REPORT AND RECOMMENDATION
                                                       :     04-CV-00413 (DLI) (ETB)
             -against-                                 :
                                                       :
UNUM PROVIDENT CORP.                                   :
AS SUCCESSOR IN INTEREST TO THE                        :
PAUL REVERE LIFE INS. CO.                              :
                                                       :
                          Defendant.                   :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Moshe Dekel ("Dekel") brought suit against the Paul Revere Life Insurance Company ("Paul Revere") and Unum Provident Corporation ("Unum Provident") alleging that defendants (1) are in breach of contract for refusing to pay total and residual disability benefits, (2) acted in bad faith when denying his claims, and (3) violated New York State General Business Law ("GBL") § 349. Defendants moved for partial summary judgment, requesting that the court dismiss all of Dekel's claims except the breach of contract claims. Defendant Unum Provident also moved for the court to dismiss all of Dekel's claims against it because it is not in contract privity with Dekel. By order dated October 24, 2006, this court referred the motion to U.S. Magistrate Judge E. Thomas Boyle for preparation of a Report and Recommendation ("R&R"). Judge Boyle issued a R&R on January 5, 2007 and recommended that the court grant defendants' motion for partial summary judgment. Dekel filed timely objections to the R&R on January 15, 2007. For the reasons set forth below, the court adopts the R&R.

**Statement of Facts**

The court adopts the factual findings in the R&R, familiarity with which is assumed for purposes of this motion.

**Discussion**

Standard of Review

When reviewing a magistrate judge's report, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *See also United States v. Raddatz,* 447 U.S. 667, 673-76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Bad Faith Denial of the Claim

Dekel objects to Judge Boyle's determination that his allegation that Unum Provident denied his claim in bad faith should be dismissed. Specifically, Dekel asserts that he can make out a claim for the "tort" of "bad faith claims handling" because of an "institutionalized policy of terminating high-dollar claims without any justification." Dekel's Objections to the Report and Recommendation ("Objections") ¶ 1. Judge Boyle found that, regardless of the existence of an institutionalized policy, "New York law does not recognize a tort of bad faith denial of coverage by an insurance company." R&R 4.

Both parties cite to the case of *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994). Dekel cites to *Rocanova* for the proposition that "where the breach of contract also involves a fraud evincing a 'high degree of moral turpitude' and demonstrating 'such

wanton dishonesty as to imply a criminal indifference to civil obligations,' punitive damages are recoverable if the conduct was 'aimed at the public generally.'" *Id* at 342. Unum Provident cites to *Rocanova* for the proposition that "[p]unitive damages are available where the conduct constituting, accompanying, or associated with the breach of contract is first actionable as an independent tort for which compensatory damages are ordinarily available." *Id* at 343. According to Unum Provident, because Dekel has not demonstrated the existence of an independent tort, he is not eligible for punitive damages, and the cause of action alleging the tort of bad faith should be dismissed. Judge Boyle agreed with defendant.

The court concurs with Judge Boyle and dismisses Dekel's bad faith cause of action. Taking all the allegations in the complaint in the light most favorable to Dekel, it is clear that Unum Provident acted egregiously and its conduct was aimed at the public. However, the lynchpin of Dekel's claim for punitive damages– that Unum Provident committed a tortuous act through the bad faith denial of Dekel's insurance claim– is not cognizable under New York law. *See New York Univ. v. Continental Ins. Co.,* 87 N.Y.2d 308, 319-320, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995); *Graves Bros., Inc. v. National Fire & Marine Co.,* 06-CV-6394, 2007 WL 189540, *2 (W.D.N.Y., Jan. 23, 2007)("[a]t the outset, it appears clear that New York does not recognize an independent tort for insurer bad faith."); *Edwards v. Great Northern Ins. Co.*, 03 CV 2947, 2006 WL 2053717, *8 (E.D.N.Y., Jul. 21, 2006). In order to state a claim for punitive damages, Dekel must establish a relationship or duty between himself and Unum Provident separate from the contractual obligation. *New York Univ. v. Cont'l Ins. Company*, 87 N.Y.2d 308, 318, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995). As the R&R points out, the complaint does nothing of the sort and therefore does not state

3

a cause of action for bad faith or for the imposition of punitive damages.[1]

General Business Law § 349

Dekel claims that Unum Provident violated New York General Business Law ("GBL") § 349 because its "claim handling procedures have seriously impacted consumers on a nationwide level." Judge Boyle recommended that the court dismiss Dekel's GBL claims because Dekel failed to demonstrate that anything Unum Provident did was deceptive or misleading. R&R 7. The court agrees and adopts the R&R's findings.

Dekel asserts that the misleading and deceptive practices occurred when Unum Provident denied the claim and that, in determining that Unum Provident did not violate GBL § 349, Judge Boyle erred in focusing on whether Unum Provident acted in a deceptive and misleading way at the time the policy was issued. Objections ¶ 2. However, an insurance company violates GBL § 349 by selling policies that it never intends to honor, which is not what happened in this case. *Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 127 (2d Cir. 2002). In fact, it is undisputed that Unum Provident paid Dekel two years' worth of benefits before denying his claim. Dekel asserts that Unum Provident breached its agreement with him by denying benefits when it was not entitled to

---

[1] Dismissal of Dekel's cause of action grounded in the tort of bad faith need not necessarily preclude Dekel's recovery of consequential damages under the contract claim. However, to do so Dekel must be able to show that the "denial of the claim was deliberately made in bad faith, with knowledge of the lack of a reasonable basis for the denial consequential damages could be awarded.'" *Sichel v. UNUM Provident Corp.*, 230 F.Supp.2d 325, 329 (S.D.N.Y. 2002)(*quoting Acquista v. New York Life Ins. Co.,* 285 A.D.2d 73, 730 N.Y.S.2d 272, 277-278 (1st Dep't 2001)). In addition, under New York law, the right to consequential damages would have to have been contemplated by the parties at the time of contracting. *Kenford Co. v. County of Erie*, 73 N.Y.2d 312, 540 N.Y.S.2d 1, 537 N.E.2d 176, 178-179 (1989); *Sichel*, 230 F.Supp.2d at 329; *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 03 CV 0023, 2003 WL 22144316, *3 (S.D.N.Y. Sep 17, 2003); *but see Continental Information Systems Corp. v. Federal Ins. Co.,* 02 CV 4168, 2003 WL 145561, *4 (S.D.N.Y. Jan 17, 2003).

do so. However, Unum Provident's alleged violation of the policy is not a GBL § 349 violation. *Id.* ("an insurer's denial of a claim is not deceptive simply because it is mistaken."). The court finds that by entering into contractual relationship with customers nationwide, Unum Provident was engaged in "consumer oriented" conduct within the meaning of GBL § 349. *See Binder v. National Life of Vermont*, 02 CV 6411, 2003 WL 21180417, *3 (S.D.N.Y., May 20, 2003) ("[because [plaintiff] holds a standard form insurance policy, the denial of his claim for benefits, if indicative of a larger practice, will potentially affect the many consumers who hold the same type of policy."). However, there are no issues of material fact with respect to whether Unum Provident acted deceptively in denying Dekel's claim within the meaning of GBL § 349. *See Mapinfo Corp. v. Spatial Re-Engineering Consultants,* 02 CV 1008, 2006 WL 2811816, *12 (N.D.N.Y., Sept. 28, 2006) ("because SRC has failed to show that MapInfo engaged in any conduct 'that was deceptive in a material way,' their claim under § 349 should also be dismissed.")(*quoting Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d at126); *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp.2d 434, 438 ("[c]onclusory allegations, even of the existence of a claim settlement policy designed to deceive the public, are not sufficient to state a claim under Section 349 in the absence of factual allegations in support thereof."). Thus, because all that Unum Provident did was deny Dekel's claim, perhaps mistakenly, the court adopts the R&R with respect to Dekel's Forth Cause of Action. If Unum Provident was incorrect to deny Dekel claim, Dekel's remedy lies in his cause of action for breach of contract, not for a violation of GBL § 349.

Claims Against Unum Provident

Dekel objects to Judge Boyle's recommendation that the claims against Unum Provident be dismissed because the insurance policy was issued by Paul Revere. Plaintiff claims that Unum

Provident is properly joined as a defendant because Unum Provident was the claims administrator, supplied the forms in which he filed his claim, pays employees of Paul Revere, and has products offered through Paul Revere. The court disagrees.

Under New York law, a parent cannot be held liable for the action of a subsidary without showing: "(i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC,* 268 F.3d 58, 63 (2d Cir. 2001)*; Amer. Fuel Corp. v. Utah Energy Devel. Co., Inc.*, 122 F.3d 130, 134 (2d Cir.1997). Here, Dekel has put forward no evidence that Unum Provident exercised complete control, or that the control was used to defraud him. Therefore, it is inappropriate to pierce Unum Provident's veil. Dekel may proceed only against Paul Revere.

## Conclusion

After a *de novo* review of those portions of the R&R to which Dekel objects, the court adopts Judge Boyle's R&R. Defendants' motion for dismissal of the third and fourth causes of action and for dismissal of all claims against Unum Provident is granted. As defendant Paul Revere remains in this case, this matter is refereed to the magistrate judge for further pre-trial proceedings, including settlement negotiations.

SO ORDERED.

DATED:   Brooklyn, New York
         March 14, 2007

                              _____/S/_____
                              DORA L. IRIZARRY
                              United States District Judge